UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SANDRA J. LINK, | ) | |
| | ) | CASE NO. 15-50664-JRS |
| | ) | |
| DEBTOR. | ) | |

**CHAPTER 13 TRUSTEE'S**
**OBJECTION TO CONFIRMATION OF PLAN & MOTION TO DISMISS CASE**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and Objects to Confirmation of the Plan and files this Motion to Dismiss Case under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

2. The Debtor has not filed a certificate indicating that Debtor obtained a briefing from an approved non-profit budget and credit counseling agency within 180 days preceding the date of filing, as required by 11 U.S.C. Section 109(h). The Debtor may not be eligible for relief under Title 11.

3. The Debtor has failed to provide the Trustee with a copy of the 2013 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

4. The Debtor proposes to pay the $287.00 monthly Adequate Protection payment direct to GM Financial. Prior to confirmation the Debtor must provide to the Trustee evidence that the payments to this creditor have been maintained and also provide a breakdown as to the application of the funds in relation to the proof of claim filed or to be filed by the creditor. 11 U.S.C. Section 1326(a)(1)(C).

5. Paragraph 10 of the proposed Chapter 13 Plan fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the Plan.

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

6. The statement of currently monthly income and calculation of commitment period and disposable income filed by Debtor as required by Rule 1007(b)(6) F.R. Bankr. P. appears to be inaccurate and/or incomplete.

7. AmeriCredit Financial Services filed a secured and/or priority proof of claim; however, the Plan fails to provide treatment for said claim, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

8. Debtor proposes to make monthly charitable contributions in the amount of $100.00. The Debtor should provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. Section 1325 (b)(2)(A).

9. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2014 or an affidavit in lieu thereof.

10. The Debtor should provide proof of the $287.00 auto payment expense reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

11. In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $500.00 income from son's contribution and $1,370.00 social security income and $95.00 monthly pension to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

12. The Debtor's Chapter 13 Plan fails to provide for an increase in payments when direct payments at $287.00 per month for auto end; this may show a lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

13. The Chapter 13 Budget fails to reflect the Debtor's pension income of $95.00 per month; thereby, preventing the contribution of all disposable income to this Plan. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b).

14. The Plan should be amended to include a provision that, "Any federal tax refunds the Debtor is entitled to receive for the calendar years ending 2014, 2015 and 2016 shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

   15. The Debtor has failed to properly schedule and notify HHG, in violation of 11 U.S.C. Section 342 and the Federal Rules of Bankruptcy Procedure Rule 1007. The Debtor's Schedules and mailing matrix should be amended to include the creditor's complete address, and Debtor should provide proof that the creditor has been served.

   16. The Debtor fails to identify the subsections of O.C.G.A. Section 44-13-100 upon which she relies for authority in exempting property, as reflected on Schedule C. The Trustee objects to the claimed exemptions.

   17. The above-styled Debtor received a Chapter 7 discharge on November 6, 2012 for Case Number 12-68996-JRS filed August 1, 2012; thereby, indicating a lack of good faith in proposing a ten percent (10%) composition Plan, 11 U.S.C. Section 1325(a)(3).

   WHEREFORE, Trustee moves this Honorable Court to inquire into the above Objections to Confirmation of Plan and Motion to Dismiss Case at the separately scheduled and noticed Confirmation Hearing, deny Confirmation of the Chapter 13 Plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

            /s/William A. Bozarth
             William A. Bozarth
             GA Bar No. 940530
             Attorney for Standing Chapter 13 Trustee

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SANDRA J. LINK, | ) | |
| | ) | CASE NO. 15-50664-JRS |
| | ) | |
| DEBTOR. | ) | |

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served

DEBTOR:

    SANDRA J. LINK
    526 MAGNOLIA STREET
    APT. 54
    ATLANTA, GA 30314

ATTORNEY FOR DEBTOR:

    DEBTOR PRO SE, ATTY.


the above in the foregoing matter with a copy of this Objection to Confirmation of Plan and Motion to Dismiss Case by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 2nd day of March 2015.


/s/William A. Bozarth
William A. Bozarth
GA Bar No. 940530
Attorney for Standing Chapter 13 Trustee




Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444